Roy S. White *vs.* Edith S. White & another.

Middlesex.     December 3, 1923. — February 28, 1924.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Carroll, JJ.

*Husband and Wife.   Estoppel.   Equity Jurisdiction,* To enjoin wife from
interfering with use by husband of real estate placed by him in her
name.

In the absence of a fraudulent intent on the part of a wife, when title to
certain real estate was taken by her husband in her name, that she would
not abide by an express oral agreement or " mutual understanding "
between them that a part of the real estate should be used as a home for
them both, the wife is not estopped to rely upon G. L. c. 209, § 2, which
makes such an agreement void, and upon G. L. c. 203, § 1, which makes
such an agreement not enforceable by reason of the statute of frauds;
and the husband cannot maintain a bill in equity to enjoin the wife
from interfering with his use of the premises as a common home for
himself and her.

BILL IN EQUITY, filed in the Superior Court on December
6, 1922, by Roy S. White against his wife, Edith S. White,
and one Maude Perkins, seeking to enjoin the defendant
Edith S. White from interfering in any way with the plain-
tiff's use of certain premises described in the opinion as
standing in her name "as a common home for himself and "
her, and to enjoin the defendant Perkins, to whom the
defendant Edith S. White was alleged to have made a lease
of a barn on the premises in question, from interfering in
any way with the quiet possession and enjoyment on the
part of the plaintiff of a reasonable portion of the barn.

On July 10, 1922, Edith S. White had brought a bill of
complaint against Roy S. White, which is the suit described
as " White *v.* White, Mdx. No. 4350 " in the opinion, seeking
to have her legal title to the premises adjudicated, to enjoin
the defendant therein from interfering with the use by the
plaintiff of a barn on the premises or that he be ordered to
remove the barn, for an accounting as to rents received by
him for the barn, and that the rents be ordered paid to the
plaintiff therein. Roy S. White filed a cross bill in that suit

seeking a decree that Edith S. White held the legal title to the real estate in trust for him and that she be required to execute to him a deed thereof. This suit and cross suit were heard by *Sanderson,* J., who, on October 16, 1922, filed a finding of facts, which are described in the opinion, and, on the facts so found, ruled, " the plaintiff [Edith S. White] is not entitled to a decree ordering the removal of the barn or ejecting the husband from the tenement, nor to any decree to remove a cloud from the title, nor to an accounting. The bill may be dismissed with costs of suit taxed as in an action of law. Upon the facts found, the defendant [Roy S. White] is not entitled to the relief which he seeks in his cross bill, and a decree may be entered dismissing the cross bill." On October 26, 1922, a final decree was entered in accordance with such final decree.

The suit of Roy S. White against Edith S. White was heard by *Sanderson,* J., upon the record described in the opinion. By order of the judge, a final decree was entered dismissing the bill and awarding costs to each defendant. The plaintiff appealed.

*D. H. Fulton,* for the plaintiff.

*J. F. Gadsby,* for the defendants.

PIERCE, J. This case, which is before this court on appeal from a final decree dismissing the bill of the plaintiff, was heard by a judge of the Superior Court upon the " pleadings, findings of fact and decrees in White *v.* White, Mdx. No. 4350, and upon the cross bill filed in said case, upon the agreed statement that since the pleadings in that case were filed and the decree entered the defendant Edith S. White has caused the plaintiff to be excluded from the house, as stated in paragraph seven of this bill of complaint, and upon the bill and answer."

The facts which are material to a decision of the present controversy are that the plaintiff and defendant, husband and wife, in 1916 purchased a house and land in Medford. Title thereto was taken in the name of the wife by the husband " to make sure that it was hers if there should be ' any accident in his business, or if anything happened to him;' " and both husband and wife intended that this property

should belong to the wife and that one tenement in it should be used as a home for them both. In 1919 the husband purchased a barn on a neighboring lot, had it moved on to the rear of his wife's land and set on four concrete posts, with the intention that it should be a permanent improvement of the land which he expected to occupy with his wife. No question is now raised that the barn is not a part of the real estate, as the trial judge found. The husband is a carpenter and has his shop on the second floor of the barn. Since February, 1921, the plaintiff and defendant have not lived together; and the defendant admits in her answer the charge of the plaintiff " that she had no intention of returning to live with her husband, and that she definitely refused to live with him in the premises." After the unappealed decree dismissing the bill and cross bill in White *v.* White, Mdx. No. 4350, filed October 26, 1922, the defendant in the absence of the plaintiff, on November 25, 1922, assisted by others forcibly entered the house, is now living there, and refuses to permit her husband to enter the premises and make his home there; as also to maintain it as a common home and sustain the relations of husband and wife with the defendant. The defendant further admits the charge of the plaintiff that she has executed a lease of the barn to one Perkins, a " straw man " for the defendant, without consideration, and that Perkins has also caused a notice to be served upon the plaintiff to quit the barn forthwith.

The plaintiff alleges he has no plain, complete and adequate remedy at law and " brings the present bill to restrain the defendants from interfering with the right which he claims to have to occupy one tenement in the real estate as a home and to use the barn so far as it is a permanent improvement and adjunct of the home he is entitled to have there." He states his claim and alleged right as follows: " At the outset it must be noted that the plaintiff does not attempt to avoid the legal title of the wife or to prevent her use and occupation of the premises; he seeks merely to restrain her from interfering with his rights to occupy a tenement in the house as his home and to restrain Mrs. Perkins from interfering with his use of the barn. This is not a bill to destroy the family

and its home, but the complaint of a man who refuses to believe that a wife can live apart from him without justifiable cause and successfully prevent him from living in a tenement which both parties, at the time of purchase of the property, intended should be their home, which common intention was clearly the moving cause for the action which was taken at the time of purchase." The plaintiff does not now contend that the defendant holds the estate which he caused to be conveyed to her upon a resulting or constructive trust; but contends that the defendant is estopped to deny and defend against his right to have a home in the premises, because when she received the conveyance there was a mutual understanding that one tenement should be used as a home for them both.

In the absence of a fraudulent intent of the defendant when the conveyance was made to her not to abide by the " mutual understanding," an express oral agreement " that one tenement . . . should be used as a home for them both " as an agreement between husband and wife would be void, R. L. c. 153, § 2, G. L. c. 209, § 2; and as a declaration of an express trust would be voidable if, as here, the defendant relied as a defence on the statute of frauds, in so far as such statute relates to the creation of trusts, R. L. c. 147, § 1, G. L. c. 203, § 1, and has set it up in plea or answer to the bill. The plaintiff rests his claim to an estoppel upon the single fact that the defendant after years of harmonious married life on the estate refused to live with him or to allow him to live in the tenement which she desired to occupy exclusively herself. Manifestly such refusal and determination cannot estop the defendant from relying on the statute of frauds. As the holder of the legal estate not subject to a trust for the benefit of the plaintiff the defendant had the right to the possession of the entire estate and the legal and equitable right to exclude the plaintiff therefrom.

*Decree affirmed with costs.*